**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
MAY 27 2025
MITCHELL R. ELFERS
CLERK

**LORI SALAZAR,**

Plaintiff,

v. **No.** 25cv494 DLM

**BROOKE ROLLINS**, in her capacity as Secretary of Agriculture, and the **UNITED STATES DEPARTMENT of AGRICULTURE (Forest Service)** an agency of the United States of America,

Defendant.

**COMPLAINT FOR EMPLOYMENT DISCRIMINATION AND RETALIATION**

PLAINTIFF, Lori Salazar, *pro se*, for her complaint against Defendants, states:

**PARTIES AND JURISDICTION**

1. This is a suit authorized and instituted pursuant to Section 717 of Title VII of the Civil Rights Act of 1964, 42 USC § 2000e-16 ("Title VII"), as amended by the Civil Rights Act of 1991. Jurisdiction of this Court is invoked pursuant to 28 USC § 1331, 1337, 1343, 2201 and 2202 to secure protection and redress deprivation of rights secured by federal statute.

2. At all times material hereto, the Plaintiff was a resident of Bernalillo County, State of New Mexico, within the jurisdiction of this Court.

3. At all times material to this complaint, Plaintiff was an employee of the Defendant, or her predecessors in office, at the Forest Service Human Resources Management Facility, in Albuquerque, New Mexico, within the jurisdiction of this Court.

4. Defendant Brooke Rollins is the duly appointed Secretary of the Defendant United States Department of Agriculture, an agency of the United States as defined in 5 USC §105. As the Secretary of the United States Department of Agriculture, Rollins is the appropriately named Defendant herein pursuant to Section 717(c) of Title VII, 42 USC § 2000e -16 (c).

5. The Forest Service is an agency of the United States Department of Agriculture and manages and operates the Human Resources Management Facility (HRMF) on behalf of Defendant. HRMF is referred to herein as the Agency.

6. All actions complained of herein were taken by Defendant, her predecessors, officers, agents, employees, or representatives, hereinafter collectively referred to as "Defendant", while acting in their official capacity as agents of the United States Department of Agriculture.

7. The unlawful alleged herein were committed within the State of New Mexico and arise from Plaintiff's employment with Defendant at the Agency in Albuquerque, New Mexico.

8. On April 28, 2017, Plaintiff filed a formal complaint of discrimination with the Agency alleging that it had discriminated against her based on her race (Hispanic) and sex (female) and that the agency had retaliated against her based on her protected EEO activity and other oppositional activity.

9. The Agency investigated Plaintiff's complaint and determined that Plaintiff had failed to prove her allegations of discrimination and reprisal and issued its Final Agency Decision pursuant to 29 C.F.R. Section 1614.110 on or about September 1, 2022. Plaintiff thereafter took appeal to the United States Equal Opportunity Commission ("Commission"), pursuant to 29 C.F.R. Section 1614.403(a). The Commission reversed the Agency Decision, in part, and found that the Agency

had engaged in reprisal against Plaintiff, awarded compensatory damages but denied attorneys' fees, thereby exhausting Plaintiff's administrative remedies.

10. Plaintiff actually received the Decision of the EEOC on March 20, 2025, and is aggrieved by the Commission's Decision.

11. This Complaint is timely filed within ninety (90) days of receipt. The court has subject matter jurisdiction over the parties and subject matter hereto.

## FACTUAL ALLEGATIONS

12. Plaintiff is a Hispanic female who has been employed by Defendant's Agency since April 2, 2007. At the time of the discriminatory act complained of herein, Plaintiff was assigned as a GS-12 HR Specialist at the HRMF.

13. At all times material hereto, Plaintiff performed her duties as a GS-12 HR Specialist in a completely satisfactory manner, consistently exceeding the performance criteria established by Plaintiff's supervisors in their periodic performance reviews.

14. Despite her excellent performance as a GS-12 HR Specialist, since 2014 Plaintiff has been subject to recurring incidents of discrimination and retaliation by her managers and supervisors at the HRMF constituting a continuing violation and pattern and practice of illegal discrimination.

15. Among other things, on December 2, 2014, Plaintiff was issued an unwarranted Letter of Reprimand by her supervisor, John Freeman. Plaintiff filed a complaint of discrimination as a result naming Freemen as a discriminating official. Mr. Freeman thereafter engaged in a series of

adverse employment actions against Plaintiff which substantially changed the terms and conditions of her employment.

16. In January 2017, the complaint of discrimination was still pending final decision by the Agency.

17. In December 2016, Plaintiff made applications for three separate promotional opportunities with the Agency. Although she was well qualified for promotion she was not selected because of her prior complaint against Freeman, and because of her race and sex.

18. In January 2017, upon learning of her non-selection for promotion Plaintiff filed the instant complaint of discrimination with the Agency naming Freeman as the discriminating official.

19. Mr. Freeman thereafter engaged in additional adverse employment actions against Plaintiff which substantially changed the terms and conditions of her employment. Among other things, Freeman advised Plaintiff's work group that adverse action was taken against the entire work group because Plaintiff had filed a complaint of discrimination. Freeman's action negatively impacted Plaintiff's standing within her work group and caused her substantial injury.

**COUNT ONE EMPLOYMENT DISCRIMINATION - (Reprisal)**

21. The adverse employment actions taken against Plaintiff since 2014, including but not limited to the December 2014 Letter of Reprimand, the adverse changes to the terms and conditions of her employment, the non-selection of Plaintiff for promotion in January, 2017, and the subsequent retaliatory acts of Freeman against Plaintiff following the filing of the instant complaint were in retaliation for her prior EEO activity pursuant to 29 C.F.R. Part 1614, all in violation of Title VII.

22. As a proximate result of Defendant's willful and intentional discrimination and reprisal against her as alleged herein and in her administrative complaints, Salazar has lost promotional opportunity, suffered stress, anxiety, depression, humiliation, damage to her reputation, loss of enjoyment of life, loss of employment and benefits thereto, and other damage for which Salazar should be compensated.

23. Salazar has therefore instituted this action to obtain appropriate judicial relief for her complaints as provided by Title VII.

24. Salazar has been required to retain legal counsel and incurred costs for which he should be reimbursed.

## COUNT TWO EMPLOYMENT DISCRIMINATION - (Race and Sex)

25. The adverse employment actions taken against Plaintiff since 2014, including but not limited to the December 2014 Letter of Reprimand, the adverse changes to the terms and conditions of her employment, the non-selection of Plaintiff for promotion in January, 2017, and the subsequent retaliatory acts of Freeman against Plaintiff following the filing of the instant complaint were because of Plaintiff's race and sex, all in violation of Title VII.

26. As a proximate result of Defendant's willful and intentional discrimination against her as alleged herein and in her administrative complaints, Salazar has lost promotional opportunity, suffered stress, anxiety, depression, humiliation, damage to her reputation, loss of enjoyment of life, loss of employment and benefits thereto, and other damage for which Salazar should be compensated.

27. Salazar has therefore instituted this action to obtain appropriate judicial relief for her complaints as provided by Title VII.

28. Salazar has been required to retain legal counsel and incurred costs for which he should be reimbursed.

**WHEREFORE**, Plaintiff prays that the Court:

A. declare that the practices complained of herein are unlawful discrimination and reprisal violative of Title VII and the Civil Rights Act of 1991.

B. permanently enjoin Defendant, her agents, successors, officers, employees, attorneys and those acting in concert with her from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all other practices shown to be in violation of applicable law.

C. make whole Plaintiff for all damages she incurred and for all earnings, wages and other benefits she has lost due to the discriminatory and retaliatory practices of Defendant.

D. award Plaintiff compensatory damages in an amount to be proven at trial pursuant to the Civil Rights Act of 1991.

E. award Plaintiff the costs and disbursements of this action, including reasonable attorney's fees; and

F. for such other relief as may be just and proper under the circumstances.

**JURY DEMAND**

Plaintiff demands a jury as to all issues raised herein.

Respectfully submitted,

Lori Salazar 5/27/2025

Lori Salazar, *pro se*
9308 Joe Montoya Pl NW
Albuquerque, NM 87114
Telephone: (505) 440-4215

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Lori Salazar

**(b)** County of Residence of First Listed Plaintiff: Bernalillo, NM
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
9308 Joe Montoya Pl
Albuquerque, NM 87114

## DEFENDANTS

Brooke Rollins in her capacity as Secretary of the United States Department of Agriculture

County of Residence of First Listed Defendant: ____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
29 USC Section 2016

Brief description of cause:
Employment discrimination by a federal agency

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ $150,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ____ DOCKET NUMBER ____

DATE ____ SIGNATURE OF ATTORNEY OF RECORD ____

FOR OFFICE USE ONLY

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.