**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

LORI SALAZAR,

Plaintiff,

v. **25cv494 LF/DLM**

BROOKE ROLLINS, in her capacity as Secretary of Agriculture, and the UNITED STATES DEPARTMENT of AGRICULTURE (Forest Service), an agency of the United States of America,

Defendants.

**PLAINTIFF'S FIRST AMENDED COMPLAINT**
**FOR EMPLOYMENT DISCRIMINATION AND RETALIATION**

Lori Salazar, by and through her counsel of record, E. Justin Pennington, for her complaint against Defendant, states:

PARTIES

1. This is a suit authorized and instituted pursuant to Section 717 of Title VII of the Civil Rights Act of 1964, 42 USC § 2000e-16 ("Title VII"), as amended by the Civil Rights Act of 1991. Jurisdiction of this Court is invoked pursuant to 28 USC § 1331, 1337, 1343, 2201 and 2202 to secure protection and redress deprivation of rights secured by federal statute.

2. At all times material hereto, Plaintiff was a resident of Bernalillo County, State of New Mexico, within the jurisdiction of this Court.

3. At all times material to this complaint, Plaintiff was an employee of the Defendants, or their predecessors in office, at the Forest Service Human Resources Management Facility ("HRMF"), in Albuquerque, New Mexico, within the jurisdiction of this Court.

4. Defendant Brooke Rollins is the duly appointed Secretary of the Defendant, United States Department of Agriculture, an agency of the United States as defined in 5 USC §§ 101 and 105. As the Secretary of the United States Department of Agriculture, Rollins is the appropriately named Defendant herein pursuant to Section 717(c) of Title VII, 42 USC § 2000e 16(c).

5. The Forest Service is an agency of the United States Department of Agriculture and manages and operates the HRMF on behalf of Defendant.

6. All actions complained of herein were taken by Defendants, their predecessors, officers, agents, employees, or representatives, hereinafter collectively referred to as "Defendants", while acting in their official capacity as agents of the United States Department of Agriculture.

7. The unlawful actions alleged herein were committed within the State of New Mexico and arise from Plaintiff's employment with Defendant at the HRMF in Albuquerque, New Mexico.

PROCEDURAL HISTORY

8. On April 28, 2017, Plaintiff filed a Formal Complaint of discrimination with the Defendants alleging that the Defendants had discriminated against her based on her race (Hispanic) and sex (female), and had retaliated against her because of her participation and other oppositional behavior (as described more fully below) in two separate discrimination complaints previously brought by her against the Defendants.

9. The Defendants assigned Plaintiff's Formal Complaint Agency No. FS-2017-00420 (hereinafter simply "Formal Complaint") and investigated the

complaint pursuant to the administrative processes required by 29 CFR Part 1614. On August 10, 2020, more than three years after Plaintiff filed her Formal Complaint, Defendants issued their Final Agency Decision pursuant to 29 C.F.R. Section 1614.110(b). The Final Agency Decision concluded that Defendants had not discriminated nor retaliated against Plaintiff and denied her relief.

10. On September 11, 2020, Plaintiff timely appealed the Final Agency Decision to the United States Equal Employment Opportunity Commission ("EEOC") pursuant to 29 CFR Section 1614.403(a). EEOC assigned the appeal No. 2020005237, and by EEOC Decision dated May 9, 2022, determined that Defendants had not discriminated against Plaintiff, but had retaliated against Plaintiff because of protected activity. EEOC remanded the Agency Final Decision to the Defendants for remedial relief consistent with the EEOC Decision. The May 9, 2022, EEOC Decision was not appealed by Plaintiff or Defendant and constitutes the law of the case in these proceedings.

11. On remand from EEOC, the Defendants issued its decision that Plaintiff should be awarded $1500 in compensatory damages for its retaliation against her (by decision dated August 31, 2022), and that she was not entitled to recover her attorney's fees (by decision dated September 1, 2022). Plaintiff thereafter took appeal from the Defendants' decisions to the EEOC.

12. On March 19, 2025, the EEOC affirmed the Defendants' award of compensatory damages. On March 10, 2025, the EEOC affirmed the Defendants' denial of attorney's fees. Plaintiff thereby exhausted her administrative remedies regarding Formal Complaint Agency No. FS-2017-00420.

13. Plaintiff actually received both Decisions of the EEOC on March 20, 2025, and is aggrieved by those decisions.

JURISDICTION AND VENUE

14. Plaintiff timely filed her original complaint from EEOC's Decisions on May 27, 2025, within ninety (90) days of receipt thereof. The court has jurisdiction over the parties and subject matter hereto.

FACTUAL ALLEGATIONS

15. As set forth above, Defendants investigated Plaintiff's Formal Complaint for a period in excess of three years and developed an extensive understanding of Plaintiff's factual averments supporting her claims, including among other things, Plaintiff's affidavit, the affidavits of all known witnesses, Plaintiff's evidentiary submissions, and relevant employment records of the Defendants'. Similarly, EEOC conducted adjudicatory proceedings for a period in excess of two years evaluating Plaintiff's factual claims resulting in factual findings and legal conclusions in Plaintiff's favor. EEOC's findings and conclusions were reported to the Defendants prior to the filing of Plaintiff's district court complaint and are known to them. Plaintiff again avers the factual claims contained within her Formal Complaint including, but not limited to the following:

16. Plaintiff is a Hispanic female who has been employed at Defendant's HRMF since April 2, 2002. At the times of the various discriminatory acts alleged herein, Plaintiff was assigned as a GS-12 HR Specialist.

17. At all times material hereto, Plaintiff performed her assigned duties in a completely satisfactory manner, consistently exceeding the performance criteria established by Plaintiff's supervisors in their periodic written performance reviews.

18. Notwithstanding Plaintiff's exemplary work performance, on December 2, 2014, Plaintiff's supervisor, John Freeman, issued a written reprimand to Plaintiff which she viewed as unwarranted and part of a discriminatory pattern and practice in Freeman's supervision of her. Plaintiff filed a complaint of discrimination naming Freeman as a discriminating official in December, 2014.

19. Defendants undertook an investigation and evaluation of Plaintiff's claim of discrimination as required by 29 CFR Part 1614, which included, among other things, advice to Freeman that Plaintiff had complained and of the substance of her complaint. Freeman was afforded an opportunity to respond to Plaintiff's factual claims. Further, Plaintiff and other witnesses testified and submitted evidence during the course of the investigation. Plaintiff's complaint and her ongoing participation in the investigation are discrete protected activities under Title VII.

20. In December 2016, over the course of several days, Plaintiff made application for three separate promotional opportunities at the HRMF. These applications were made while Plaintiff's December 2014 discrimination complaint was still pending and Plaintiff continued to participate in protected activity under Title VII through ongoing contact with witnesses, counselors, investigators, and other agents of Defendants.

21. Over the course of several days in the month of January 2017, Plaintiff learned that she had not been selected for any of the three promotions, despite her belief that she had superior longevity, skill sets, and subject matter expertise as compared to the successful applicants. Plaintiff had a good faith belief that she was not selected for promotion because of her race and sex, and in retaliation for her December 2014 complaint. She expressed this concern to her coworkers, including Freeman.

22. Further, on February 1, 2017, Plaintiff learned from a coworker that Freeman told coworkers that he was withdrawing prior authority allowing Plaintiff and her work unit to perform remote work *because Plaintiff had filed discrimination complaints against him.* Freeman subsequently admitted to Defendants' investigators that he made this statement, and the withdrawal of remote work permission in fact occurred.

23. Plaintiff thereupon filed a second complaint of discrimination naming Freeman as the discriminating official, previously identified herein as Agency No. FS-2017-00420.

24. This action is predicated solely on the actions alleged in FS-2017-00420, as Plaintiff's December 2014, complaint described herein has been finally resolved through other proceedings.

COUNT ONE EMPLOYMENT DISCRIMINATION - (Reprisal)

25. The adverse employment actions taken against Plaintiff since 2014 as described herein, including but not limited to the withdrawal of permission to Plaintiff and her coworkers for remote work duties, Freeman's statement to Plaintiff's coworkers that the withdrawal of permission was because of Plaintiff's discrimination complaints, and Plaintiff's non-selection for promotion in January 2017, were taken by Defendants with the intent to punish and dissuade Plaintiff, her coworkers, and others similarly situated from engaging in protected activity under Title VII. Defendants' actions were in violation of Title VII.

26. As a proximate result of Defendant's willful and intentional discrimination and reprisal against Plaintiff as alleged herein and in her administrative complaints, Plaintiff has suffered stress, anxiety, depression, and humiliation all requiring medical attention, damage to her reputation, loss of enjoyment of life, loss of employment and benefits thereof, and other injuries for which she should be compensated. Further, Plaintiff has been required to retain legal counsel and incur costs to vindicate her rights in this and in the administrative proceedings for which she should be reimbursed.

26. Plaintiff has therefore instituted this action to obtain appropriate judicial relief for her complaints as provided by Title VII.

WHEREFORE, Plaintiff prays that the Court:

A. Declare that the practices complained of herein are unlawful discrimination and reprisal violative of Title VII and the Civil Rights Act of 1991.

B. Make Plaintiff whole for all damages she incurred and for all earnings, wages and other benefits she has lost due to the discriminatory and retaliatory practices of Defendant.

C. Award Plaintiff compensatory damages in an amount to be proven at trial pursuant to Title VII.

E. Award Plaintiff the costs and disbursements of this action, including reasonable attorney's fees; and

F. For such other relief as may be just and proper under the circumstances

JURY DEMAND

Plaintiff demands a jury as to all issues raised herein.

Respectfully Submitted,

*/s/ E. Justin Pennington*
E. Justin Pennington, Attorney for Plaintiff
1408 Marquette Pl. NE
Albuquerque, NM 87106
loejp2058@gmail.com
(505) 850-0397

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the 19th day of August, 2026, the foregoing pleading was electronically filed and served on all parties or counsel of record through the CM/ECF system as required by Local Rule.

*/s/E. Justin Pennington*
Attorney for Plaintiff Salazar